**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 25 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KEVIN L. WILLIAMS,<br><br>    Plaintiff - Appellant,<br><br>  v.<br><br>MICHAEL J. ASTRUE, Commissioner of<br>Social Security,<br><br>    Defendant - Appellee. | No. 09-35532<br><br>D.C. No. 2:08-cv-00133-CI<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of Washington
Cynthia Imbrogno, Magistrate Judge, Presiding

Argued and Submitted March 10, 2010
Seattle, Washington

Before: FISHER and BERZON, Circuit Judges, and SNOW, District Judge.**

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    **    The Honorable G. Murray Snow, United States District Judge for the District of Arizona, sitting by designation.

1

Kevin Williams appeals the district court's grant of summary judgment to the Commissioner in a challenge under Title XVI of the Social Security Act. "[W]e review de novo the district court's order upholding a decision of the Commissioner denying benefits to an applicant. The Commissioner's decision must be affirmed by us if supported by substantial evidence, and if the Commissioner applied the correct legal standards." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004) (internal citations omitted). We affirm.

1. There is substantial evidence to support the Administrative Law Judge's ("ALJ") determination that Williams was not credible, namely Williams' inconsistent statements concerning his substance abuse and the effects of his impairment. Williams denied using alcohol, tobacco, or drugs on his first emergency room visit and again denied drug use or a DUI arrest to Dr. Arnold. Williams later told a doctor that he drank "several beers a day" and admitted past marijuana and cocaine use, as well as participation in substance abuse treatment as a result of being charged with a DUI. It was not erroneous for the ALJ to view these inconsistencies as undermining Williams' overall credibility. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 884 (9th Cir. 2006) ("[C]onflicting or inconsistent testimony concerning alcohol use can contribute to an adverse credibility finding."); *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (upholding an

2

adverse credibility finding where a claimant made inconsistent statements to her doctors about her alcohol and drug use).

The ALJ also properly relied on the fact that Williams left his last long-term job to care for his daughter, not due to his impairments. Moreover, Williams had suffered petit mal seizures daily that were "exactly like all his past seizures" for several months before he stopped working, during which he could "usually function." This evidence undermined Williams' claim that his impairments now preclude him from sustaining full time work.

2. The ALJ properly rejected the opinion of Dr. Arnold based on "specific and legitimate reasons that are supported by substantial evidence," *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). Dr. Arnold's assessment of Williams' functional capacity was contradicted by the opinions of Williams' other doctors. Three doctors found similar cognitive limitations, but only Dr. Arnold believed Williams' limitations precluded him from working.

The ALJ also rejected Dr. Arnold's functional capacity assessment as inconsistent with his own observations that Williams displayed "adequate functioning with regard to short and long term memory," "marginal to adequate concentration abilities," and "at least low average intellectual functioning." Likewise, the ALJ found Dr. Arnold's assessment of numerous marked limitations

3

inconsistent with Williams' ability to engage in "all tasks of daily living, other than driving," as well as his ability "to work in the past with his memory problems, which are long term."

Finally, Dr. Arnold's diagnosis of dysthymic and somatoform disorders was undermined by Dr. McKnight's affirmative finding of "no indication of depression, anxiety, or panic," other examining or treating physicians' failure to diagnose, or even suspect, psychological disorders, and the fact that Williams "is not currently receiving treatment or using medication for psychological symptoms."

For the foregoing reasons, we reject Williams' argument that the hypothetical posed to the vocational expert failed to include relevant functional limitations. As the ALJ relied on specific, convincing reasons for rejecting Dr. Arnold's residual function assessment, the hypothetical correctly incorporated all the limitations included in Williams' residual functional capacity as determined by the ALJ and supported by the medical record. *See Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999).

**AFFIRMED.**